DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| **MERAL SMITH,** )<br>)<br>Petitioner, )<br>v. )<br>)<br>**RICK MULGRAVE, director of the Virgin** )<br>**Islands Bureau of Corrections** )<br>)<br>Respondent. )<br>) | Civil Action No. 2015-0078 |

**Attorneys:**
**Meral Smith,** *Pro Se*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on the "Informal Motion for Temporary Restraining Order and Preliminary Injunction," filed by Meral Smith ("Smith" or "Petitioner"). (Dkt. No. 2). For the following reasons, the Court will deny Petitioner's Motion in its entirety.[1]

### I. BACKGROUND

Smith is a prisoner currently incarcerated at Golden Grove Prison in the Virgin Islands. Proceeding *pro se*, Smith initiated this matter on December 28, 2015, by filing a "Petition for the Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241 (the "Petition") in which he asserts that his

---

[1] "A motion for preliminary injunction may be denied without a hearing if 'the movant is proceeding on a legal theory which cannot be sustained' or 'the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm.'" *Thomas v. Coopersmith*, No. CIV.A. 11-7578, 2012 WL 3599415, at *10 n.7 (E.D. Pa. Aug. 21, 2010) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) (noting that the "applicable Federal Rule does not make a hearing a prerequisite for ruling on a preliminary injunction")). The Court concludes that such circumstances are present here.

1

continued detention "violates the Fifth, Sixth, Eight, Thirteenth, and Fourteenth amendments to the U.S. Constitution along with the first eleven Articles of the Universal Declaration of Human Rights." (Dkt. No. 1 at 2). Specifically, Smith argues that he is entitled to immediate and unconditional release because the Federal Bureau of Prisons discharged him from its custody in 2001 and his continued detention "after the United States relinquished jurisdiction" violates his rights under the U.S. Constitution. (*Id.*).

Smith's Motion seeks a temporary restraining order and a preliminary injunction. In particular, Smith asks the Court to: (1) enjoin Rick Mulgrave, the director of the Virgin Islands Bureau of Corrections, ("Respondent") and his agents from transferring Smith outside the Virgin Islands during the pendency of this action and any appeal;[2] and (2) order the Respondent to provide Smith with his legal materials and law books as well as allow him to access legal research materials in the prison law library.[3] (Dkt. No. 2 at 3). With regard to his request to enjoin any transfer, Smith argues that because his Petition "has alleged that he is unlawfully being held in the custody of the Respondent, as a matter of law, the Respondent should not be able to transfer petitioner outside the Territory of the Virgin Islands until this Motion is resolved in this Court and on appeal." (*Id.* at 2). Regarding Smith's request for his legal materials and law books, Smith asserts that on December 31, 2015, three days after receiving notification that his Petition had been filed with the

---

[2] Smith also requests that the Court enjoin Respondent from transferring his co-defendants Warren Ballantine and Beaumont Gereau because they have "similar petitions in this Court." (Dkt. No. 2 at 2). Because Ballentine and Gereau are not parties to this action, Smith's request, in this regard, is not properly before the Court.

[3] Smith also requests the Court to issue a Show Cause Order compelling Respondent to reply to Smith's Motion and his Petition. (Dkt. No. 2 at 3). However, because the Motion does not present a colorable basis for relief, the Court finds that it is unnecessary for Respondent to reply to the Motion. As for Smith's underlying Petition, the merits of this matter will be referred to the Magistrate Judge for a report and recommendation.

Court, he was placed in the segregation unit of Golden Grove Prison and remains there as of the date of the Motion. (*Id.* at 1). Despite several verbal and two written requests from Smith, Bureau of Correction ("BOC") officials allegedly have refused to provide Smith with his "legal materials and law books" (Dkt. No. 2-1 at 1), as well as his "petition in this case," and other cases pending before the Virgin Islands Superior Court and Supreme Court (Dkt. No. 2 at 2). Smith argues that his placement in the segregation unit is retaliation against him for filing the Petition and for his inquiries as to why he did not go before the parole board in December 2015. (Dkt. No. 2-1 at 2). Smith further argues that Respondent "is deliberately withholding his legal materials in order to deprive him of a full and fair opportunity to litigate this case and others and do proper research." (Dkt. No. 2 at 2).

For the reasons that follow, Smith's requests for temporary and preliminary injunctive relief will be denied.

## II. DISCUSSION

### A. Smith's Allegation of Retaliation and Request to Access his Legal Materials and the Prison's Law Library

The Court first examines both Smith's allegation of retaliation and his request that the Court order the Respondent to provide Smith with his legal materials, law books, and access to the prison law library. The Court finds that the alleged retaliation and Smith's request to access his legal materials and the prison law library are not cognizable under 28 U.S.C. § 2241, pursuant to which Smith's underlying Petition is brought.

A prisoner who alleges that he is in custody in violation of the Constitution or laws of the United States may bring a petition for habeas corpus. *See* 28 U.S.C. §§ 2241(c), 2254; *see also Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) (discussing habeas petitions under both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 and opining that when a prisoner "is challenging the very fact or

3

duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). The general rule is that a prisoner is entitled to a writ of habeas corpus only if he "seek[s] to invalidate the duration of [his] confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the [government's] custody." *Wilkinson v. Dotson,* 544 U.S. 74, 81 (2005).

Under 28 U.S.C. § 2241, courts have habeas jurisdiction to hear petitions "challenging not the validity but the execution of [the] sentence." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (quoting *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)) (quotations omitted). Although "the precise meaning of 'execution of the sentence' is hazy," the Third Circuit has defined execution as meaning "to put into effect or carry out." *Id.* at 536 (quoting *Woodall*, 432 F.3d at 242-43) (quotations omitted).

In contrast to habeas petitions, "when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, a civil rights action under [42 U.S.C.] § 1983 is appropriate." *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (quoting *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)) (brackets and quotations omitted). Thus, where a petitioner brings a claim under § 2241 but granting the claim "would not 'necessarily imply' a change to the duration, or execution of the petitioner's sentence," the claim is appropriately dismissed for lack of subject matter jurisdiction. *Cardona*, 681 F.3d at 537 (quoting *McGee*, 627 F.3d at 936) (omitting brackets and ellipsis); *see also Gillette v. Territory of Virgin Islands*, 563 F. App'x 191, 195 (3d Cir. 2014) (holding that where the petitioner failed to show that a favorable decision would necessarily imply a shorter sentence, the district court

properly dismissed the § 2241 petition), *cert. denied* 135 S. Ct. 753, 190 L. Ed. 2d 630 (2014); *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 884 (3d Cir. 2007) (holding that because the claims were not properly brought pursuant to § 2241 "the District Court was without jurisdiction to consider [the] petition.").

Smith's request that the Court compel Respondent to provide him his legal materials and allow him access to the prison law library—even if granted—would not necessarily imply a change to the duration or execution of his sentence. The same is true regardless of whether the Court found that restricting Smith's access to legal materials or placing him in segregation constitutes unlawful retaliation against him. Rather, these are conventional claims under 42 U.S.C. § 1983 because Smith is alleging violations of his constitutional rights by State actors during his incarceration at Golden Grove. *See Perez-Rodriguez v. Holt*, 439 F. App'x 127, 130 (3d Cir. 2011) (holding that prisoner's "claim that the prison law library is inadequate sounds in civil rights, and does not provide a basis for [28 U.S.C. § 2241] habeas corpus relief" (citing *Lewis v. Casey,* 518 U.S. 343 (1996))); *Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010) ("[Petitioner's] claims of cruel and unusual punishment and constitutional violations resulting from the seizure of his [legal documents] clearly fall outside the realm of challenges brought in habeas."); *Lee v. Williamson*, 297 F. App'x 147, 148 (3d Cir. 2008) (holding that a prisoner's claim of retaliation "do[es] not lie at the 'core of habeas' and, therefore, [is] not cognizable in a § 2241 petition") (citing *Leamer*, 288 F.3d at 542-44); *Redish v. Grondolsky*, No. CIV. 09-0352, 2009 WL 396156, at *2 (D.N.J. Feb. 13, 2009) (dismissing habeas corpus petition under § 2241 that challenged the adequacy of the prison law library "[b]ecause a judgment in [p]etitioner's favor in this action would not affect the fact or duration of [his] confinement").

Smith's claims are much like those raised in *Casanova v. Schultz*, No. CIV 09-3754, 2010

WL 760560 (D.N.J. Mar. 2, 2010). In *Casanova*, a prisoner petitioned for a writ of habeas corpus pursuant to § 2241 challenging his planned transfer to a higher security prison, his placement in segregation as retaliation for filing grievances, and his limited access to the law library while in segregation. *Id.* at *1. After the prisoner was transferred, he amended his habeas petition to seek a court order to obtain his personal property (including his legal materials), which had not been sent to him after his transfer. *Id.* at *2. The district court dismissed the prisoner's petition for lack of subject matter jurisdiction, holding that none of his claims were cognizable under § 2241:

> [Petitioner's] claims plainly involve conditions of prison life, not the fact or duration of his incarceration. For instance, he challenges his prison transfer and his custody level classification, as well as alleging complaints of retaliation, interference with his legal mail, loss of personal property, and restrictions on access to the law library. These claims are more properly brought in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, or in a civil rights complaint under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*Id.* at *4.

As in *Casanova*, Smith's claims that Respondent is denying or restricting access to his legal materials and the law library, or retaliating against him, are not cognizable under § 2241. These claims challenge conditions of prison life, but not the fact or duration of Smith's confinement, or the execution of his sentence. Because even a favorable decision regarding Smith's claims "would not necessarily imply a change to the duration, or execution of [his] sentence," the Court will dismiss these claims for lack subject matter jurisdiction. *Cardona*, 681 F.3d at 537.

### B. Smith's Request for an Injunction on Transfers

The Court next examines Smith's request to enjoin any future transfers during the pendency of this action and concludes that the request is not cognizable under Smith's § 2241 Petition. Even assuming that Smith's request for an injunction on transfers was cognizable under his Petition, the

Court finds that Smith has failed to establish that the requirements for either a temporary restraining order or a preliminary injunction have been satisfied.

Generally, claims regarding prison transfers are not cognizable under § 2241 unless the transfer implicates the duration of the prisoner's sentence or effectuates a qualitatively different level of custody. *See Perez-Rodriguez*, 439 F. App'x at 129-30 (holding that a habeas petition seeking a transfer was properly dismissed where the transfer would not impact the calculation of either the state or federal sentence); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (holding that the district court lacked jurisdiction over a § 2241 petition that challenged a transfer from a minimum security facility in one state to a minimum security BOP-contract facility in another state); *but see Woodall*, 432 F.3d at 244 (holding that habeas jurisdiction lies where prisoner was asserting a right to be transferred from federal prison to a community corrections center and noting that the "petition crosses the line beyond a challenge to, for example, a garden variety prison transfer").

Here, Smith's Motion fails to specify any facts which distinguish his alleged transfer from a "garden variety" transfer that is not cognizable under § 2241. Because there is no indication that a transfer out of the Virgin Islands would "necessarily imply a change to the duration, or execution of [his] sentence," the Court lacks subject matter jurisdiction under § 2241 to consider this claim. *Cardona*, 681 F.3d at 537.

Even if Smith's request was cognizable under his Petition,[4] Smith fails to establish that the requirements of injunctive relief have been met. Under Rule 65 of the Federal Rules of Civil

---

[4] Reading Smith's *pro se* filings as liberally as possible, the conversion of this garden variety transfer claim into a legally cognizable claim under § 2241 would purportedly be made via Smith's argument that Respondent lacks authority to transfer him outside of the Virgin Islands *because* Respondent is unlawfully incarcerating him. (Dkt. No. 2 at 2). The Court does not agree, however, that jurisdiction under § 2241 is properly expanded to cover prison conditions or government

7

Procedure, the Court may grant injunctive relief with a temporary restraining order or a preliminary injunction. *Am. Tel. & Tel. Co. v. Winback and Conserve Prog. Inc.,* 42 F.3d 1421, 1427 (3d Cir. 1994). Injunctive relief is extraordinary and "should be granted only in limited circumstances." *Id.* The same test applies to requests for a temporary restraining order and a preliminary injunction. *Smith v. Litton Loan Servicing, LP*, No. CIV.A.04-02846, 2005 WL 289927, at *6 (E.D. Pa. Feb. 4, 2005).

To prevail on a motion for injunctive relief, the moving party must show each of the following four elements: (1) a reasonable probability of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *See N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012); *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citing *Allegheny Energy, Inc. v. DQE, Inc.,* 171 F.3d 153, 158 (3d Cir. 1999)). The showing must be cumulative; courts consider each of the four elements and all are required before an injunction may issue. *Goodwin v. Castille*, 465 F. App'x 157, 160 (3d Cir. 2012) (citing *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)).

It is well-established that "[a] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *NutraSweet Co.*, 176 F.3d at 153 ("In the absence of irreparable

---

actions that are allegedly illegal only because the underlying detention is claimed to be illegal. In any event, the Court need not further analyze this bootstrapping argument here, as Smith fails to establish that the requirements for injunctive relief have been met, even if the Court has jurisdiction under § 2241.

injury, no preliminary injunction would lie, even if the other three elements . . . were found."). Irreparable harm is "harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight Co.*, 882 F.2d at 800. To satisfy this element, the party moving for injunctive relief must demonstrate that "irreparable injury is *likely* in the absence of an injunction." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 217 n.11 (3d Cir. 2014) (emphasis in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)) (quotations omitted).

Here, Smith does not allege any facts or raise any argument demonstrating how a transfer would cause irreparable harm. Even with the liberal reading to which Smith's *pro se* Motion is entitled,[5] the Court concludes that the "irreparable harm" element for injunctive relief is not satisfied.

First, Smith fails to claim that a transfer is currently pending or even that he has a reason to believe that a future transfer is imminent. According to the Petition, Smith has been incarcerated at Golden since 2009. (Dkt. No. 1 at 2). Smith offers no reason why—after spending over six years in Golden Grove—he suspects that he will now be transferred out of the Virgin Islands. Because there are no facts indicating that a transfer is likely to occur, any transfer of Smith is purely speculative. *C.f. Martin v. Keitel*, 205 F. App'x 925, 928-29 (3d Cir. 2006) (holding that prisoner's claim for injunctive relief under § 1983 was "purely speculative" where prisoner failed to allege that he actually suffered any retaliation or that he had reason to believe he might suffer retaliation in the future). The Third Circuit has "insisted that the risk of irreparable harm must not be

---

[5] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted).

speculative." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000) (citing *Acierno v. New Castle Cty.*, 40 F.3d 645 (3d Cir. 1994)); *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) ("[I]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued to restrain one from doing what he is not attempting and does not intend to do." (quoting *Standard Brands, Inc. v. Zumpe*, 264 F. Supp. 254, 267-68 (E.D. La. 1967))) (quotations omitted). Thus, Smith's claim does not satisfy the requirement for a showing of irreparable harm.

Indeed, Smith's claim fails to demonstrate *any* harm—irreparable or otherwise—because Smith fails to explain how a transfer—even if one were to occur—would cause him injury. As a general rule, a transfer of a prisoner pursuant to a "legitimate penological interest is a matter within the discretion of the prison authorities." *Burke v. Romine*, 85 F. App'x 274, 277 (3d Cir. 2003). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." *Id.* (quoting *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983)) (quotations omitted). In addition, Smith fails to identify the harm that he would suffer if a transfer occurred. Because Smith has no justifiable expectation that he will continue to be incarcerated at Golden Grove, a claimed transfer out of Golden Grove—without more—does not constitute an injury.

In view of the foregoing, the Court concludes that Smith has failed to show that "irreparable injury is *likely* in the absence of an injunction." *Ferring Pharm., Inc.*, 765 F.3d at 217 n.11 (emphasis in original).[6] Because, Smith has failed to meet his burden for a grant of injunctive

---

[6] The Court need not address the remaining requirements for injunctive relief because the absence of irreparable injury is sufficient for denial of an injunction. *See ACE Am. Ins. Co.*, 306 F. App'x at 732 ("A failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.").

relief, the Court will deny Smith's request to enjoin any future transfer during the pendency of this action.

### III.     CONCLUSION

For the reasons set forth above, the Court will deny Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. An appropriate Order accompanies this Memorandum Opinion.

Date:   January 29, 2016                              _____/s/_____
                                                                              WILMA A. LEWIS
                                                                              Chief Judge