## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

MERAL SMITH,

        Petitioner,

v.

RICK MULGRAVE,

        Respondent.

_____

1:15-cv-00078
Criminal No. 97–1972

TO:    MERAL SMITH, *Pro Se*, No. 16-024
        Central Arizona Florence Correctional Complex
        P.O. Box 6300
        Florence, AZ 85132

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Order (ECF No. 5)[1] of Chief Judge Wilma A. Lewis in 1:15-cv-00078 referring Petitioner Meral Smith's *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241[2] (ECF No. 1) to the undersigned for a report and recommendation. For the reasons that follow, the undersigned recommends that said Petitioner's motion be denied.

### I. LEGAL STANDARD

"[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[1] All ECF document numbers are as recorded in 1:15-cv-00078, unless otherwise noted.
[2] All citations to the United States Code are to the electronic version that appears in Lexis.

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 2

The judge entertaining a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted," 28 U.S.C. § 2243, except, when the necessary facts can be determined from the petition itself, then a respondent's answer is not required, *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), and, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254.[3]

A petitioner's *pro se* pleading is construed liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) (explaining that the liberal construction accorded a *pro se* litigant's pleadings does not include the rendering of substantive legal advice).

## II. DISCUSSION

In early September, 1972, a group of armed men entered the Fountain Valley Golf Course in St. Croix.  When they left, eight people were dead and four wounded.  The following summer, the men were tried and convicted of eight counts of first degree murder,

---

[3] Numerous courts within the Third Circuit have followed this interpretation of Rule 4 and dismissed habeas petitions upon an initial screening, whether the petition was filed pursuant to Section 2254 or 2241.  *See, e.g*, *Shaw v. Wynder*, 2008 U.S. Dist. LEXIS 111813 (E.D. Pa. August 20, 2008); *Craig v. Rozum*, 2008 U.S. Dist. LEXIS 26901 (E.D. Pa. April 2, 2008); *Watson v. Wynder*, 2007 U.S. Dist. LEXIS 98920 (E.D. Pa. November 27, 2007); *Porte-Yanes v. Lore*, 2007 U.S. Dist. LEXIS 72130 (M.D. Pa. September 27, 2007).

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 3

four counts of first degree assault, and two counts of robbery, for which they each received eight consecutive life terms for the murders and fifteen-year terms on the assault and robbery counts. Judgment and Commitment, entered August 13, 1973.

Sentenced on the day of their convictions,[4] forthwith transferred to Puerto Rico,[5] then to separate federal prisons across the continental United States,[6] the defendants have been vocal about their dissatisfaction with their sentences, their transfers, and their housing for the past 44 years.

Smith's instant Petition challenges the validity of his confinement, claiming that the federal government relinquished jurisdiction when the Federal Bureau of Prisons (hereinafter BOP) transferred him to a state prison facility; that because the Government of the Virgin Islands did not try him and was never his primary custodian, he is being detained illegally; and, that his continued confinement (post-transfer) violates the U.S. Constitution and the Universal Declaration of Human Rights.[7] Finally, Smith asserts that in

---

[4] "Thirty minutes after the verdicts were returned and the jury polled, Judge Young reconvened court and imposed sentences on the defendants." *Government of the Virgin Islands v. Gereau*, 502 F.2d 914, 936 (3d Cir. 1974), *cert. denied*, 420 U.S. 909 (1975).

[5] "Upon being sentenced, the appellants were immediately sent to the Presidio Penitentiary in Rio Piedras, Puerto Rico. Soon thereafter they were placed in the custody of the Attorney General of the United States for service of their sentences pursuant to a contractual agreement between the Attorney General and the territorial government of the Virgin Islands, executed under authority of 18 U.S.C.A. § 5003." *United States ex rel. Gereau v. Henderson*, 526 F.2d 889, 892 (5th Cir. 1976).

[6] "Upon their transfer to the United States Bureau of Prisons, appellants were sent to the Atlanta Federal Penitentiary where they were all temporarily confined. Four of the five appellants were soon permanently assigned to different prisons in the federal system." *Id.* at 893.

[7] Smith contests the fact of his confinement, not the conditions.

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 4

light of these constitutional violations, he is entitled to "immediate and unconditional release." Petition (ECF No. 1) at 3.[8]

Each of the issues Smith appears to be raising in his Petition has been previously presented by Petitioner Smith, one of his co-defendants, or another similarly situated prisoner. As will soon be shown, the rulings on these many petitions have held that the prisoners' sentences are reasonable and constitutional, their transfers have been administrative and constitutional, the BOP, pursuant to agreement, is responsible for their housing,[9] and the Territory[10] retains constructive custody, determines their sentences, and can recall the prisoners at any time. Simply put, unless the Virgin Islands Parole Board grants his release, Petitioner Smith will remain incarcerated for the rest of his life.

---

[8] The cases Smith cites in his Petition are distinguished in fact and in law from his allegations. In each of the cases cited, it was asserted that the time served or the time remaining on a sentence had been incorrectly calculated. In *Sanders v. Federal Bureau of Prisons*, Sanders argued that he should have been granted credit toward his federal sentence for time served in state prison. (2009 U.S. Dist. LEXIS 55789 (W.D. Va. June 30, 2009)). Thomas and Robinson also sought credit on federal sentences for time served in state custody. *Thomas v. Deboo*, 2010 U.S. Dist. LEXIS 34781 (N.D. W. Va. March 8, 2010); *Robinson v. Owens*, 2008 U.S. Dist. LEXIS 112937 (D.S.C. February 28, 2008). Cannon, Taylor, Graham, and Roche based their arguments for adjustments to sentences (credit for time served) on a primary jurisdiction argument. *Cannon v. Deboo*, 2009 U.S. Dist. LEXIS 20595 (N.D. W. Va. March 13, 2009); *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Roche v. Sizer*, 675 F.2d 507 (2nd Cir. 1982*); Graham v. Virginia Supreme Courts*, 2011 U.S. Dist. LEXIS 76798 (E.D. Va. July 15, 2011). The title of Brown's initial petition, "Sentence Clarification and/or Motion Requesting Sentence Alteration," was the subject of his claim, *Brown v. United States*, 2009 U.S. Dist. LEXIS 129953 (S.D. W. Va. November 18, 2009), and Papadapoulos argued that the BOP failed to credit his sentence for time served on a state sentence while in federal custody. *Papadapoulos v. Johns*, 2011 U.S. Dist. LEXIS 29613 (E.D.N.C. March 22, 2011). Smith does not attack the calculation of his sentence, nor is he requesting credit for time served. His argument is that he is being illegally detained because the federal government relinquished jurisdiction.

[9] "The BOP may designate any available facility that meets minimum standards of health and habitability considering, among other things, (1) the resources of the facility contemplated, (2) the nature and circumstances of the offense, and (3) the history and characteristics of the prisoner." 18 U.S.C. § 3621.

[10] Variously referred to as the territorial Government, the Territorial Government, and the Government of the Virgin Islands.

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 5

Shortly after their transfer from the St. Croix detention center to mainland prisons managed by the BOP, the prisoners, one of whom was housed in the Fifth Circuit, brought a habeas action demanding their return to St. Croix. The district court found no abuse of discretion by the prison authorities in transferring the prisoners to the BOP from the Virgin Islands and the Court of Appeals affirmed. *United States ex rel. Gereau v. Henderson*, 526 F.2d 889 (5th Cir. 1976).

The prisoners argued that 18 U.S.C. § 5003 usurped power expressly reserved to the states. The Fifth Circuit held that their argument was meritless, finding "[t]hat section merely authorizes the federal government to make arrangements with a state whereby a state's prisoners may be confined in a federal institution when the state feels that either it or the prisoner may benefit from such an arrangement." *Id*. at 894. Further, the court found that the co-defendants were "analogous to prisoners of a state with respect to implementation of § 5003 and with respect to transfers to and within the federal prison system." *Id*. at 894 n.6.

The Fifth Circuit also supported the district court's finding that "the decision to place appellants in federal custody and to confine them in separate federal institutions was not arbitrary or capricious but rather a proper exercise of discretion by prison authorities." *Id*. at 897.

In 1980, co-Defendant Ishmael S. LaBeet, then known as Ismail Muslim Ali, again challenged the St. Croix to mainland transfer. This time the argument primary relied on

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 6

two issues: "first, whether as a factual matter the transfer was approved by the Commissioner,[11] and second, whether the statute under which the Commissioner purportedly acted granted him the authority to approve the transfer."  *Ali v. Gibson*, 631 F.2d 1126, 1127-29 (3d Cir. 1980), *cert. denied*, 449 U.S. 1129 (1981).

In this case, the Third Circuit found that the transfer was effectuated with Commissioner Christian's approval, that the Commissioner had not relinquished his control over the prisoners, and that he retained the authority to order "Ali returned to the Virgin Islands at any time." *Ali*, 631 F.2d at 1131.

As to the question of whether the Commissioner had statutory authority to transfer Ali to a federal facility, the court conducted an inquiry into the history of Virgin Islands Code § 4501,[12] finding that "the clear language of the statute and its limited history show that Section 4501 gave Commissioner Christian the power to transfer Ali to a federal facility." *Id.* at 1134.

Finally, the court answered the question of whether off-island prison transfers trigged due process.  "The Supreme Court has held quite explicitly that unless a statute confers upon a prisoner the right to be incarcerated in a particular prison, the Constitution does not require a hearing prior to a transfer.  *See Meachum v. Fano*, 427 U.S. 215, 96 S. Ct.

---

[11] At sentencing, the co-defendants were committed "to the custody of the Commissioner of Public Safety, or his authorized representatives."  Judgment and Commitment, entered August 13, 1973.

[12] "At the time of Ali's transfer, the Virgin Islands Code provided, in part: "The Commissioner of Public Safety may designate any available, suitable, and appropriate institutions.  He may order any inmate transferred from one institution to another.  Act of May 16, 1957, Act No. 160, 1957 V.I. Laws."  *Ali v. Gibson*, 631 F.2d 1126, 1131 (3d Cir. 1980).

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 7

2532, 49 L. Ed. 2d 451 (1976); *Montanye v. Haymes*, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976)." *Id*. at 1135. The court recognized that an off-island transfer may present difficulties for a prisoner, but those difficulties were no more problematic than the difficulties faced by a prisoner transferred from "California to Maine." *Id*. at 1135. Finding the prisoner at bar similarly situated to a mainland prisoner who had been transferred a great distance, the court held that a due-process hearing was not implicated by an off-island administrative transfer. *Id.* at 1135.

In 2016, a prisoner convicted by the Commonwealth of Puerto Rico, challenged the duration of his confinement. Like Petitioner Smith, prisoner Cruz-Rivera had been transferred off-island and into the care of the BOP. In this case, the court held that even though the prisoner was in the physical custody of the BOP, he was essentially a state-boarder,

> a non-federal inmate confined in a federal facility pursuant to an agreement entered into by the BOP and the Commonwealth of Puerto Rico, under the provisions of 18 U.S.C. § 5003. . . . Therefore, while his day-to-day confinement occurs in a federal facility, Petitioner is not a federal inmate, and neither the United States nor the Federal Bureau of Prisons is responsible for computing or administering his sentence. Instead, all decisions related to whether Petitioner is eligible for, or should be granted, parole — are reserved and made by the Territory.

*Cruz-Rivera v. O'Brien*, 2016 U.S. Dist. LEXIS 27577, at *13 (N.D. W. Va. March 4, 2016).

The *Cruz-Rivera* decision echoed the words of Judge William Young, in his 1978 Memorandum, in which he advised the prisoners that their only opportunity for eventual release from prison was through the Virgin Islands Board of Parole:

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 8

> Contrary to the assertions of defense counsel, I have not, by denying defendants' motion, effectively obviated any incentive they might otherwise have had for rehabilitative development. Section 923(a) of Title 14 of the local code and 5 V.I.C. § 4601, taken together, require defendants to serve eighty years before they are eligible for parole consideration. However, 5 V.I.C. § 4601 further authorizes the Board of Parole by a two-thirds vote of its members, and upon the approval of the Governor and upon the recommendations of the warden and a psychiatrist, to fix an earlier parole eligibility date. The eighty year term which would normally have to be served by defendants before parole could be considered does not constitute a mandatory minimum period of incarceration. The provisions for expedited parole, enunciated in 5 V.I.C. § 4601, are applicable to a conviction for murder in the first degree, where the criminal charges were brought pursuant to 14 V.I.C. § 923(n) prior to the amendment thereof on May 1, 1974. [ ] My statements are not to be construed as reflecting any opinion as to the suitability of affording defendants § 4601 relief, I merely wish to note that all opportunities for eventual release have not been foreclosed by my rulings herein. However remote the possibility of being afforded § 4601 relief might be, the possibility nonetheless remains, and should in and of itself constitute a sufficient incentive for rehabilitative progress.

Memorandum Opinion (Criminal No. 97-1972) at 9-10 (entered February 9, 1978).

In 2014 and again in 2017, prisoners tested the constitutionality of their administrative transfers. Like Petitioner Smith's claim that his transfer from a federal prison to a state prison violated his constitutional rights, prisoners Crawford and Njos argued that their transfers offended the Constitution. The Third Circuit was not persuaded:

> [I]t has long been recognized that prison transfer decisions, standing alone, do not constitute cruel and unusual punishment in violation of the Eighth Amendment to the Constitution. See, e.g., *Hassain v. Johnson*, 790 F.2d 1420 (9th Cir.1986); *Serrano v. Torres*, 764 F.2d 47 (1st Cir.1985). Even inmate transfers to facilities far from their homes do not rise to the level of cruel and unusual punishment. *See, e.g., Government of the Virgin Islands v. Gereau*, 592 F.2d 192, 16 V.I. 87 (3d Cir.1979) (transfer from Virgin Islands to mainland); *Rodriguez—Sandoval v. United States*, 409 F.2d 529 (1st Cir.1969) (transfer from Puerto Rico to Atlanta). In sum, well-settled law establishes that

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 9

> prisoners have no inherent constitutional right to placement in any particular prison, to any security classification, or to any particular housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye*, 427 U.S. at 242; *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48 (5th Cir.1995); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert. denied*, 429 U.S. 846, 97 S. Ct. 127, 50 L. Ed. 2d 117 (1976). Simply put, as a legal matter the plaintiff has no constitutional right to choose his prison.

*Njos v. Bureau of Prisons*, 2017 U.S. Dist. LEXIS 86720, at *23-24 (M.D. Pa. June 5, 2017), quoting *Crawford v. While*, 2014 U.S. Dist. LEXIS 129337, at *6 (M.D. Pa. Sept. 16, 2014).

So, one can see, Smith is essentially a state prisoner who has never been under the jurisdiction of the federal government. Even though he has been housed in federal prisons for most of his life, he was never a federal prisoner, but a state boarder, living in federal prisons, under the care and control of the BOP. With all of this now said, Smith's Petition must be denied on other grounds.

The Third Circuit dictates that, "[a] prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241." *DeVaughn v. Dodrill*, 145 Fed. App'x 392, 394 (3d Cir. 2005). "Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

Liberally construed, Smith's Petition appears to challenge his incarceration on the mistaken belief that he is under the jurisdiction of the federal government. As has been

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 10

shown herein, Smith is a territorial prisoner and a territorial prisoner is analogous to a state prisoner. In other words, for all intents and purposes, be it a transfer under § 5003 or whether he is eligible for parole, Smith is a state prisoner subject to the constructive custody of the Virgin Islands. Therefore, in accordance with Third Circuit rulings, this Court is obligated to deny Smith's Petition as the relief he seeks is properly raised in a § 2254[13] petition rather than the instant § 2241 petition.[14]

That said, were Smith to raise the same issues in a petition styled § 2254, he should not expect a different result. Why? Because Smith is not and was never a federal inmate. His transfer appears to be an ordinary, administrative, garden-variety transfer that is the reality of prison life—one that does not trigger constitutional protections. He has always been and he remains under the constructive custody of the Virgin Islands and his only opportunity for early release is through the Virgin Islands Parole Board.

## III. CONCLUSION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Meral Smith's Petition for Writ of Habeas Corpus be **DENIED**.

Any objections to this Report and Recommendation must be filed in writing within

---

[13] "Section 2254 confers jurisdiction on district courts to issue 'writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a)." *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001).

[14] "Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who 'is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §§ 2241(a) and (c)(3)." *Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001).

*Government of the Virgin Islands v. Meral Smith*
Criminal No. 97–1972; 1:15-cv-00078
Report and Recommendation
Page 11

fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

ENTER:

Dated: January 17, 2018 /s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
MAGISTRATE JUDGE